HELEN DICK BRADLEY, EXECUTRIX OF WALTER B. DICK, DECEASED, APPELLANT, v. ATLANTIC GUARANTY AND TITLE INSURANCE COMPANY, RESPONDENT.

Submitted March 26, 1923—Decided June 18, 1923.

Defendant guaranteed the payment of two mortgages held by Dick, who assigned them to Howard, who afterwards obtained a decree in Chancery for a rescission of the contract, under which Dick repaid the purchase-money and took a reassignment of the mortgages. They were foreclosed in the rescission suit and a deficiency resulted at the sale. Dick's executrix then brought this suit to recover on the guaranty. *Held* (1), on foreclosure the mortgages became merged in the decree and the guaranty thereafter became one, in effect, guarantying the payment of the decree, because the guaranty was to pay the mortgage debt, and when foreclosed, the debt became merged into the decree and became a debt of record. remaining at all times a debt; (2) when the title to the mortgages was divested out of Dick without the guaranty having followed it by notice of the assignment and consent of the guarantor, which (consent) was required to be given on due no-tice, which was not given, the guaranty terminated, and could only have been revived by the reassignment to Dick through the guarantor consenting thereto for a consideration, which was not done.

On appeal from the Supreme Court, whose opinion is reported *ante p*. 34.

For the appellant, *Lewis Starr*.

For the respondent, *Messrs. Thompson & Hanstein*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The facts of this case sufficiently appear in the opinion of the Supreme Court, but we think that court was in error in holding that the guaranty of the payment of the mortgages did not extend to the decree of foreclosure in which the mortgages were merged. We think that when the mortgages became so merged the guaranty thereafter would become one in effect guarantying the payment of the decree rather than of the mortgages themselves, because the guaranty was to pay the *mortgage debt,* and, upon foreclosure, the debt was merged into the decree and became a *debt of record,* remaining at all times a *debt.* See *Hudson Trust Co.* v. *Boyd,* 80 *N. J. Eq.* 267, 269; *Sanford* v. *Wellborn,* 85 *Id.* 577, 582. Another thing: The guaranteed holder of a mortgage is certainly entitled to recover from his guarantor the deficiency on his mortgage debt as ascertained upon a foreclosure sale; for, by statute, the first proceeding is to foreclose the mortgage, and if the mortgaged premises do not sell for a sum sufficient to satisfy the mortgage debt, &c., then it is lawful to proceed on the bond for the deficiency. 3 *Comp. Stat., p.* 3421, § 2. And an assignee of a chose in action may sue thereon in his own name. See *Jemison* v. *Tindall,* 89 *N. J. L.* 429. This view, however, does not lead to reversal. On the contrary, the judgment must be affirmed, and that on ground taken by the Supreme Court to the effect that the guaranty was not available to Dick after his assignment to Howard.

After the defendant company had issued to Dick in his lifetime its policies of guaranty on two certain mortgages, Dick assigned the mortgages to Howard, who did not notify the company of the assignment, and afterwards sued Dick in chancery for a rescission of the contract whereby he became the assignee of Dick, because of false representations of the latter concerning priorities, and he, Howard, obtained a final decree under which Dick repaid the purchase-money and took a reassignment of the mortgages. They were foreclosed in the rescission suit, and a deficiency resulted in the sale. Dick died and his executrix then brought this suit to recover on the

guaranties. The Supreme Court affirmed the trial judge's direction of a verdict for defendant because the guaranties provided that the defendant company should not be liable if the mortgages were assigned, unless it had notice and consented, and it was required to consent if it had notice; but it was never notified. We hold that when title to the mortgages was divested out of Dick without the guarantees having followed it by notice of the assignment and consent of the guarantor under the contract, the guaranty terminated, and could only have been revived by the reassignment to Dick through the guarantor consenting thereto for a consideration, which was not done. See *Grob* v. *Gross,* 83 *N. J. L.* 430. In all other respects we are satisfied with the reasoning of the Supreme Court.

Let the judgment be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.